# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| STEPHEN JOHNSON | * | |
| Plaintiff | * | |
| v | * | Civil Action No. ELH-19-976 |
| BRITTANY DAVIS, JOHN DOE 1-10, | * | |
| | * | |
| Defendants | | |

\*\*\*

## MEMORANDUM

The self-represented plaintiff, Stephen Johnson, filed suit against Brittany Davis and "John Doe 1-10." ECF 1.[1] The suit concerns a default order entered against Johnson in a paternity action initiated by Davis in the Circuit Court for Anne Arundel County, Maryland. ECF 1-1 ("Affadavit of Truth"); *see also Davis v. Johnson*, No. C-02-FM-17-000583 (Anne Arundel Co. Cir. Ct. 2017) at http://casesearch.courts.state.md.us/inquiry. Johnson has also filed a motion to proceed in forma pauperis. ECF 2. Because Johnson appears to be indigent, his motion shall be granted.

Section 1915(a)(1) of Title 28 of the U.S. Code permits an indigent litigant to commence an action in this court without prepaying the filing fee. To guard against possible abuses of this privilege, however, the statute requires dismissal of any claim that is frivolous or malicious, or fails to state a claim on which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(i) and (ii).

This court is mindful of its obligation to construe liberally the pleadings of a pro se litigant. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007). In evaluating such a complaint, the factual allegations are assumed to be true. *Id*. at 93 (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544,

---

[1] Plaintiff describes John Doe 1-10 as follows: "Any entity, man or woman representing, assitting [sic] or aiding fraudulent contract is subject to total amount setforth [sic] in contract." ECF 1 at 1.

555–56 (2007)). Nonetheless, liberal construction does not mean that this court can ignore a clear failure in the Complaint to allege facts that set forth a cognizable claim or jurisdiction in this court. *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387 (4th Cir. 1990); *White v. White,* 886 F. 2d 721, 722-723 (4th Cir. 1989); *see also Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985) (stating a district court may not "conjure up questions never squarely presented."). Johnson's complaint must be dismissed for lack of jurisdiction and for failure to state a claim.

According to Johnson, a paternity proceeding was initiated against him in Maryland while he was living in Atlanta, Georgia. ECF 1-1 at 1-2. A default order was issued by the Circuit Court for Anne Arundel County, Maryland on May 10, 2017. *See Davis v. Johnson*, No. C-02-FM-17-000583 (Anne Arundel Co. Cir. Ct. 2017), *see also* ECF 1-1 at 1. However, Johnson's current address is listed as Crownsville, Maryland and Davis's address is also located in Maryland. ECF 1 at 1.

Federal courts are courts of limited jurisdiction and "may not exercise jurisdiction absent a statutory basis." *Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 552 (2005). A federal court has "an independent obligation to determine whether subject-matter jurisdiction exists, even when no party challenges it." *Hertz Corp. v. Friend*, 559 U.S. 77, 94 (2010). Diversity jurisdiction, which Johnson seemingly invokes (*see* ECF 1-3), applies "where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States." 28 U.S.C. § 1332(a)(1). The only named parties in the complaint are living in Maryland. Thus, diversity jurisdiction does not exist here.

Moreover, to the extent that Johnson is challenging the validity of a state court order regarding paternity and child support, he may not bring such a challenge to this court. This court's jurisdiction does not extend to matters regarding child custody, paternity, or divorce. *See Cantor*

*v. Cohen*, 442 F.3d 196, 202 (4th Cir. 2006); *see also Cole v. Cole*, 633 F.2d 1083, 1087 (4th Cir. 1980) (noting that federal courts "generally abstain from child custody matters"); *Raftery v. Scott*, 756 F.2d 335, 343 (4th Cir. 1985) (Michael, J. concurring) (discussing domestic relations exception to federal courts' jurisdiction because state has a stronger more direct interest); *Wasserman v. Wasserman*, 671 F.2d 832, 834 (4th Cir. 1982) (stating that "diversity jurisdiction does not include power to grant divorces, determine alimony or support obligations, or decide child custody rights").

To the extent that Johnson attempts to assert a federal claim through recitation of the Fourth and Fifth Amendments to the Constitution and provisions of the Code of Federal Regulations, he has failed to name a state actor as a defendant. ECF 1-2 at 1. The named defendant is a private actor.

In limited circumstances seemingly private conduct can qualify as state action. The Fourth Circuit has "recognized four exclusive circumstances under which a private party can be deemed to be a state actor: '(1) when the state has coerced the private actor to commit an act that would be unconstitutional if done by the state; (2) when the state has sought to evade a clear constitutional duty through delegation to a private actor; (3) when the state has delegated a traditionally and exclusively public function to a private actor; or (4) when the state has committed an unconstitutional act in the course of enforcing a right of a private citizen." *DeBauche v. Trani*, 191 F.3d 499, 507 (4th Cir. 1999) (quoting *Andrews v. Fed. Home Loan Bank of Atlanta*, 998 F.2d 214, 217 (4th Cir. 1993)). Davis's institution of a paternity suit for purposes of securing child support, the conduct alleged against the defendant here, does not fall within these four categories of conduct. "If the conduct does not fall into one of these four categories, then the private conduct is not an action of the state." *Andrews*, 998 F.2d at 217.

An Order follows.

Date: April 18, 2019         /s/
                             Ellen L. Hollander
                             United States District Judge